CHAMBERS OF
THE HONORABLE GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE
MDD_GLSchambers@mdd.uscourts.gov

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0627 PHONE
(301) 344-8434 FAX



August 5, 2019

Stephen F. Shea, Esq.
Elkin & Shea
801 Roeder Road, Suite 550
Silver Spring, MD 20910

Jennifer H. Stinnette, Esq.
Special Assistant United States Attorney
Social Security Administration
6401 Security Blvd.
Baltimore, MD 21235

    Subject:   *Lorenzo H. v. Saul*[1]
                    Civil No.: 8:18-cv-01211-GLS

Dear Counsel:

      Pending before this Court are cross-motions for summary judgment. (ECF Nos. 14, 16). The Court must uphold the Social Security Administration's decision if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3)(2016); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The substantial evidence rule "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Chater*, 76 F.3d at 589. This Court shall not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the SSA. (*Id.*). Upon review of the pleadings and the record, the Court finds that no hearing is necessary. Local Rule 105.6. For the reasons set forth above, the court DENIES Plaintiff's Motion for Summary Judgment, and GRANTS Defendant's Motion for Summary Judgment.

## I. BACKGROUND

      Plaintiff filed an application for supplemental security income on April 3, 2014, and Title XVI application for Supplemental Security Income Benefits on October 1, 2014, alleging a disability onset date of March 12, 1991. (Tr. 15). This claim was initially denied on January 14, 2015, and upon reconsideration on June 1, 2015. (*Id.*). Plaintiff's request for a hearing was granted and the hearing was scheduled for March 7, 2017 before an Administrative Law Judge ("ALJ"). (*Id.*). Plaintiff did not appear at the hearing, but Edna Madden, Plaintiff's attorney, appeared on his behalf. (Tr. 35). Plaintiff failed to present good cause for missing the hearing. (Tr. 15). On June 28, 2017, the ALJ issued a decision finding the Plaintiff was not disabled within meaning of the Social Security Act during the relevant time frame. (Tr. 12). The Appeals Council denied

---

[1] On June 17, 2019, Andrew Saul was sworn in as Commissioner of the Social Security Administration. Commissioner Saul is substituted as the Defendant pursuant to Fed. R. Civ. P. 25(d).

Plaintiff's request for review on February 23, 2018, making the ALJ's decision the final reviewable decision of the Agency. (Tr. 1).

## II. ANALYSIS PERFORMED BY THE ADMINISTRATIVE LAW JUDGE

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual is deemed to have a disability if their "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work . . . which exists in significant numbers in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A).

To determine whether a person has a disability, the ALJ engages in the five-step sequential evaluation process set forth in 20 C.F.R. §§ 415.1520(a)(4)(i)-(v); 416.920. *See e.g., Bowen v. Yuckert,* 482 U.S. 137, 140-42 (1987); *Mascio v. Colvin*, 780 F.3d 632, 634-35 (4th Cir. 2015). The steps used by the ALJ are as follows: step one, assesses whether a claimant had engaged in substantial gainful activity since the alleged disability onset date; step two, determine whether a claimant's impairments meet the severity and durations requirements found in the regulations; step three, ascertain whether a claimant's medical impairment meets or equals an impairment listed in the regulations ("the Listings"). If the first three steps are not conclusive, the ALJ assesses the claimant's Residual Function Capacity ("RFC"), i.e., the most the claimant could do despite their limitations, through consideration of claimant's "medically determinable impairments of which [the ALJ is] aware', including those not labeled severe at step two." *Mascio*, 780 F.3d at 635 (quoting 20 C.F.R. § 416.945(a)). At step four, the ALJ analyzes whether a claimant could perform past work, given the limitations caused by her impairments; and at step five, the ALJ analyzes whether a claimant could perform any work. At steps one through four, it is the claimant's burden to show that he is disabled. *See Monroe v. Colvin*, 826 F.3d 176, 179-80 (4th Cir. 2016). If the ALJ's evaluation moves to step five, the burden then shifts to the SSA to prove that a claimant has the ability to perform work and therefore, is not disabled. (*Id*. at 180).

The ALJ found that during the relevant time frame, Plaintiff suffered from the following severe impairments: "residual effects of T11 and T12 thoracic fractures and surgical intervention; degenerative disc disease and dissection of the cervical spine; degenerative changes and scoliosis of lumbosacral spine; osteoarthrosis/osteoarthritis; and bipolar disorder/depression." (Tr. 18). Despite those severe impairments, the ALJ determined that Plaintiff retained the RFC to:

> perform light work . . . except no more than occasional balancing, stooping, kneeling, crouching, crawling, and climbing of ladders/ropes/scaffolds/ramps/stairs. The Plaintiff must avoid concentrated exposure to fumes, dusts, odors, and gases. He is limited to simple, routine, repetitive tasks. He can tolerate no production rate for pace of work. (Tr. 19).

After considering testimony from a vocational expert ("VE"), the ALJ determined that there were jobs existing in significant numbers in the national economy that Plaintiff could perform (e.g., pre-assembler for printed circuit boards, inspector, and assembler). (Tr. 23-25). Therefore, the ALJ concluded that Plaintiff was not disabled. (Tr. 24).

## III.   DISCUSSION

### A.   Development of the Record

The Plaintiff first contends that the ALJ failed to properly develop the record. (ECF No. 14, p. 3). An RFC assessment must "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts and non-medical evidence." Social Security Ruling ("SSR") 96–8p, 1996 WL 374184, at *6 (July 2, 1996). An ALJ may request that the claimant, at the SSA's expense, obtain additional "specific medical evidence" that may be needed to determine whether the claimant is described. 20 C.F.R. § 416.914. "[T]he ALJ has a duty to explore all relevant facts and inquire into issues necessary for adequate development of the record and cannot rely on the evidence submitted . . . [that] is inadequate." *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986). However, the evidence only needs to be substantial enough for the ALJ to make a determination regarding the claimant's disability. *See* 20 C.F.R. § 416.913(e). Moreover, remand is necessary if the record has evidentiary gaps that result in unfairness or clear prejudice. *Fleming v. Barnhart*, 284 F.Supp.2d 256, 272 (D.Md. 2003) (quoting *Brown v. Shalala*, 44 F.3d 931, 935–36 (11th Cir. 1995)). "[O]n review, a district court considers not whether the medical record before the ALJ was exhaustive, but whether the record was complete enough to allow the ALJ to make all necessary determinations based upon substantial evidence, and whether the gaps in the record led to unfairness or prejudice for the claimant." *Boyd v. Astrue*, No. BPG-09-0150, 2010 WL 3369362, at *4 (Aug. 23, 2010).

In the instant case, the fact that the ALJ did not obtain the medical records from Drs. Patton, Sickanaqitz, Cramer, the Bowie Hospital Center, and Bowie Sports Center does not result in a gap that leads to unfairness or prejudice toward Plaintiff. In reviewing the record, it is evident that the ALJ considered Plaintiff's diagnostic tests results, physician examination findings, treatment notes, and Plaintiff's Adult Function Report. (Tr. 18-23). After reviewing the medical evidence that the Plaintiff lists as missing, I was able to determine that these documents cover only some of the period in question and concern Plaintiff's neck, shoulder, and back pain. (Tr. 197, 199, 206, 207, 209, 217, 218). Although Plaintiff avers that this information was needed to develop the record, I find that, because the ALJ considered medical evidence from this same period, and afterward, i.e., December 2016, that substantial evidence existed for the ALJ to make a determination as to Plaintiff's disability status. *See* 20 C.F.R. § 416.920(b)(a). Indeed, the ALJ's decision notes that he considered Plaintiff's magnetic resonance imaging (MRI) study from March 2015 and the results contained therein. (Tr. 20-21). It is unclear why Plaintiff believes that this particular evidence is missing from the record. Given that Plaintiff fails to articulate how the ALJ's failure to obtain documents from the April or July 2015 visits have led to an evidentiary gap resulting in unfairness or clear prejudice, or how these records would impact the overall decision, I find that the ALJ had substantial evidence to support the decision. Therefore, on this issue, I find

*Lorenzo H. v. Saul*
GLS-18-1211
August 5, 2019
Page 4

that remand is unwarranted.[2]

### B. Evaluation of Plaintiff's Subjective Complaints

Plaintiff also argues that the ALJ failed to credit his subjective complaints of pain. (ECF No. 14, p. 5-6). In general, an ALJ should follow the two-step process established in *Chater* to evaluate a claimant's subjective complaints of pain and/or symptoms. 76 F.3d at 591. The ALJ should first ensure that objective medical evidence of a medical impairment that could reasonably be expected to produce the pain does, in fact, exist. (*Id.*). Second, "the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work, must be evaluated." *Id.* at 595. The Fourth Circuit has held that a claimant's allegations "need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges[.]" (*Id.*). (emphasis added).

As a preliminary matter, the record reflects that the Plaintiff did not appear at the scheduled hearing and failed to provide documentation to support his absence. (Tr. 15). His attorney appeared on his behalf. (Tr. 130, 135). The court warned Plaintiff of the possible consequences if he failed to appear at the time and place of his scheduled hearing. (Tr. 15). Plaintiff's decision not to appear at his hearing means that he waived his right to have an in-person assessment of his credibility.

However, in reviewing the record, the ALJ determined that the Plaintiff's medical records were inconsistent with the subjective complaints contained within Plaintiff's Adult Function Report. (Tr. 20-23). Contrary to Plaintiff's contention, the ALJ cited to the record and provided specific rationale for rejecting Plaintiff's allegations. (*Id.*). Plaintiff alleged in an Adult Function Report that his impairments affected his ability to "lift, squat, bend, stand, reach, walk, sit, kneel, . . climb stairs, [etc.]" (Tr. 20). He also reported that his disability caused "problems with daily living activities. (*Id.*). However, the ALJ noted that Plaintiff's Adult Function Report provided that he prepared his own meals daily, did household chores (i.e., vacuuming and ironing), and drove. (Tr. 21). This left the ALJ to determine that Plaintiff "demonstrated greater capabilities than being alleged." (Tr. 21). In summary, the ALJ has demonstrated through the recitation of the facts, the medical evidence, and Plaintiff's complaints that the Plaintiff's claims are inconsistent with the objective evidence. Because substantial evidence exists to support the conclusion made, I find that remand is not necessary.

---

[2] In reviewing the hearing transcript, Plaintiff's attorney claims that she did not have Plaintiff's recent medical records and therefore, did not feel prepared to testify on his behalf. (Tr. 37-41). However, when the ALJ asked Plaintiff's attorney if she wished to withdraw as counsel she stated, "I mean, he still asked me to – you know, to represent him." (Tr. 41). As a result, Plaintiff now avers on appeal that the ALJ failed to adequately develop the record. (ECF No. 14, pp. 4-5). The regulations provide that as long as the record is substantial enough for the ALJ to make a determination about Plaintiff's disability, it is sufficient. *See* 20 C.F.R. § 416.920(b)(a). As mentioned above, the ALJ thoroughly considered and evaluated Plaintiff's diagnostic tests results, physician examination findings, treatment notes, and Plaintiff's allegations and opinions for the period in question. (Tr. 18-23). Therefore, Plaintiff's argument is unavailing.

For the reasons set forth above, the Plaintiff's Motion for Summary Judgment (ECF No. 14), is DENIED and Defendant's Motion for Summary Judgment, (ECF No. 16), is GRANTED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED. The Clerk of the Court is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely,

/s/
The Honorable Gina L. Simms
United States Magistrate Judge